IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2018

## LUTHER SMITH, JR., INDIVIDUALLY AND AS LEGAL GUARDIAN OF LUTHER SMITH, III v. CHILDLIFE, INC, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-001449-05     Gina C. Higgins, Judge**

_____

### No. W2017-01943-COA-R3-CV

_____

Father appealed the trial court's order denying encroachment of minor child's funds held by the Shelby County Circuit Court Clerk. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and RICHARD H. DINKINS, JJ., joined.

Luther Smith, Jr., Memphis, Tennessee, *Pro se*.

### MEMORANDUM OPINION[1]

### Facts

On August 4, 2002, while playing on a playset, Luther Smith, III ("Child"), a minor, sustained injuries to his leg. Luther Smith, Jr. ("Father"), as parent and legal guardian, filed suit against the manufacturer of the playset. A settlement was reached and approved by the trial court on March 15, 2005. The court ordered and directed disbursement of funds for medical bills and legal fees and further ordered the remaining balance to be held in an interest-bearing account by the Shelby County Circuit Court Clerk until the Child reached the age of eighteen, at which time the circuit court clerk

_____

[1]Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

would turn over all amounts to the Child.

On June 20, 2017, Father filed a "Petition [For] Partial Withdrawal of Infant Funds," for a "band instrument up-grade; school clothes, hair grooming, school outings, and normal upkeep for [the] child." On July 7, 2017, the circuit court granted the petition to purchase an upgrade for a band instrument.

On August 11, 2017, Father filed a petition to reconsider, asking the court to allow encroachment of the remaining funds for reimbursement to him for previous expenses he had incurred for the minor child. Father also sought the remainder of the funds being held by the Clerk for renovations to a rental home he owned, stating that any future rental income he received on the home would go to the minor child.

The court denied the petition for reconsideration on September 11, 2017, finding that it would not be appropriate to reimburse a parent for meeting his legal obligation to care for his child. The trial court further ruled that a speculative investment to remodel an old home in anticipation of rental income, even if the stated plan was to turn over future rent to child, would not be a proper use of the minor's funds. Father filed a timely appeal.

### Issues

Father presents the following issues for review, as restated:

1. Whether the trial court erred in its application of Tennessee Code Annotated section 29-13-303 to Father's request for reimbursement for previously incurred expenses.

2. Whether the trial court abused its discretion in denying Father's request to encroach on the Child's funds for the purposes of investment by the Father.

### Discussion

Discretionary decisions of a trial court must take applicable facts and legal principles into account and are not immune from meaningful review on appeal. *Roberts v. Roberts*, No. W2016-01810-COA-R3-CV, 2017 WL 5634247, at *6 (Tenn. Ct. App. Nov. 22, 2017) (*no perm. app. filed*) (citing *Gooding v. Gooding*, 477 S.W.3d 774 (Tenn. Ct. App. 2015)). "An abuse of discretion occurs when a court strays beyond applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision." *Gooding*, 477 S.W.3d at 781.

2

In his brief before this Court, Father asserts that Tennessee Code Annotated section 29-13-303 should allow for the encroachment of the Child's funds. However, section 29-13-303 deals with *criminal* injury compensation awards. The Child's funds were not the result of a criminal injury compensation award; rather, the source of the Child's funds was a tort settlement. As such, Tennessee Code Annotated section 29-34-105 applies.

Tennessee Code Annotated section 29-34-105 states in pertinent part:

(a) Notwithstanding any other law or rule to the contrary, a judge or chancellor may sign an order approving any tort claim settlement involving a minor . . . . The court shall conduct a chambers hearing at which the minor and legal guardian are present to approve any tort claim settlement involving a minor that is ten thousand dollars ($10,000) or more.
. . . .
(d) In the order approving any tort claim settlement authorized by this section, the court shall have the discretion to determine whether the settlement proceeds are to be paid to the minor's legal guardian or held in trust by the court until the appropriate time.

"Courts in Tennessee assume a special responsibility to protect a minor's interests." *Wright ex rel.Wright v. Wright*, 332 S.W.3d 166 (Tenn. 2011). Encroachment on a minor's funds held by the clerk is left to the discretion of the trial court.[2] Father's brief on appeal, although not a model of clarity, argues that the trial court erred in refusing to reimburse him for the original cost of the Child's band instrument, when the court approved the cost of an upgrade for the instrument. The record on appeal does not indicate that Father requested encroachment when the band instrument was originally purchased, and we see no abuse of discretion in the trial court's denial of Father's request for reimbursement for the original cost. Father further argues that the trial court erred in

---

[2]Tennessee Code Annotated section 34-1-104(c), which deals with guardianships and conservatorships generally, provides:

In any judicial proceeding in which any fund or part of the fund is decreed to belong to a minor or person with a disability, or in which there is a recovery in favor of a minor or person with a disability, the court trying the case may retain the fund or recovery or part of the fund or recovery to be disbursed by the clerk and master or clerk of the court for the support, maintenance or education of the minor or person with a disability under the orders of the court; … the court, in its discretion, may direct the fund to be paid to the natural guardian of the minor or the other person having the care and custody of the minor or person with a disability to be applied for the support, maintenance or education of the minor or person with a disability, subject to such terms and conditions as the court may impose.

denying his request for encroachment to remodel an old home in anticipation of renting it and paying the rent to the Child. The trial court stated, "a speculative investment by father to remodel an old home in anticipation of renting it out, even if the stated plan is to turn over future rent to the child," would not be a proper use of the minor's funds. Father cites no relevant case law or authority to show the trial court abused its discretion. Given the trial court's responsibility to protect a minor's interests, we find no abuse of discretion in the trial court's decision. We therefore affirm the trial court's order denying the petition for reconsideration to encroach on funds.

## Conclusion

The judgment of the trial court is affirmed. Costs of this appeal are taxed to appellant, Luther Smith, Jr. Because Luther Smith, Jr. is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
BRANDON O. GIBSON, JUDGE